UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL HAROLD STAEVEN,

        Plaintiff,

  v.                                          Case No. 09-C-82

DENNIS KOEKEN, et al.,

        Defendants.

**ORDER**

Plaintiff Samuel H. Staeven, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980 ("Chapter 980"), has filed an action alleging that his civil rights were violated.[1] More specifically, Staeven alleges that on April 27, 2007 he was subjected to excessive force, improper restraint and that he was also denied medical care and a meal while at the Brown County Jail ("BCJ"), where he had been temporarily housed in connection with his court appearance in Brown County Circuit Court.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). A plaintiff may request leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because plaintiff is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"), which, *inter alia*, requires

---

[1] Nowhere does the complaint cite 42 U.S.C. § 1983 as the basis of this lawsuit. Instead, it cites various Wisconsin statutes, along with the state and federal constitutions. (Compl. at 1.) Given the nature of the complaint, the liberal construction of allegations afforded pro se litigants and the fact this action was filed in federal court, I will construe it as a complaint under § 1983.

payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. He states that he has no assets and that his income is $50 per month. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude Staeven does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the PLRA, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the

2

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of Staeven's complaint.

Staeven has named as defendants Brown County Sheriff Dennis Koeken, a Lt. John Doe supervisor, along with Jane and John Doe jailers. According to Staeven, his plight began after his hearing on April 27, 2007 in Brown County Circuit Court, when he returned to his temporary housing at the BCJ. Staeven alleges that upon his return, Jane Doe told him he would be moving to a secluded maximum segregation cell known as "the hole." When Staeven inquired about the reason for the move, she said "We don't like your kind." (Compl. at 3.) Staeven took this as a reference to Chapter 980 patients.

The jailers then attempted to move Staeven to the segregated cell. Staeven claims that the two jailers held his arms hard enough to leave bruises as they escorted him in handcuffs. According to the complaint, there was a struggle in which the jailers were yelling "Quit resisting!" as Staeven asked, "Why are you doing this to me?" (Compl. at 4.) Staeven alleges he was put in leg irons, picked up in the air and slammed to the ground on his face. He avers that a 50,000 volt "stun gun" was employed against him in the struggle, after which point he was put in a "restraint chair" for over five hours on the orders of Lt. John Doe. Staeven alleges he was then placed in "the hole," denied his evening meal and not allowed the services of a nurse or crisis worker. On April 28, 2007 he was transported back to the WRC, where he was encouraged to seek legal redress by both WRC staff and residents for what had occurred at the BCJ.

3

Staeven states at least some cognizable constitutional claims. The Eighth Amendment provides a prisoner the right to be free of unnecessary and wanton inflictions of pain. *Wilson v. Seiter*, 501 U.S. 294, 298-303 (1991). Although claims of excessive force involving detainees arise under the Fourteenth Amendment rather than the Eighth Amendment, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Staeven states a claim for violation of his Fourteenth Amendment constitutional rights by alleging that the two jailer defendants intentionally and unnecessarily inflicted pain on him by picking him up and slamming his face to the floor while he was handcuffed. He also states a claim by alleging a stun gun was used against him.

Staeven further alleges he was placed in a segregated cell overnight and a restraint chair for over five hours, which I take to be a claim he was impermissibly punished in violation of his Fourteenth Amendment rights. Although Chapter 980 inmates may not be punished in a traditional sense, the fact that they are involuntarily incarcerated means that they are subject to standard rules of confinement, and may be punished for violating the rules of the institution in which they are confined. *McGee v. Thomas*, 2007 WL 2440990, *2 (E.D. Wis. 2007) ("If seclusion is justified on either security or treatment grounds, the institution may impose such a condition."). According to Staeven, his confinement in seclusion was ordered, at least initially, by jailer Jane Doe. In determining whether the conditions of civil confinement are unconstitutionally punitive in nature, the court must defer to the judgment exercised by such qualified professionals. *Youngberg v. Romero*, 457 U.S. 307, 321 (1982). To overcome the presumptive validity of a decision made by

4

a professional who is "competent, whether by education, training, or experience, to make the particular decision at issue," *Id*. at 323, a plaintiff must present facts that indicate the defendant did not base his or her decision on professional judgment. *Robinson v. Fergot*, 2005 WL 300376, *5 (W.D. Wis. Feb. 2, 2005). "Day-to-day decisions that create the conditions of civil confinement may be made by employees without formal training who are subject to the supervision of qualified persons." *Id*. These decisions are also presumptively valid. *Youngberg*, 457 U.S. at 323 & n.30.

Here, Staeven's allegation that Jane Doe's stated reason for his move to seclusion was that "We don't like your kind," is sufficient to allege that she did not base her decision on professional judgment. Staeven's claim that he was impermissibly punished in violation of the Fourteenth Amendment by being placed in "the hole" overnight will go forward, as will his claim that he was placed in a restraint chair for over five hours on Lt. John Doe's orders. As Staeven also advances a claim under Wis. Stat. § 51.61(1)(i), I will exercise supplemental jurisdiction over his state law claim.[2]  28 U.S.C. § 1367.

Finally, I turn to Staeven's allegations that he was denied a meal and an opportunity to meet with a nurse and crisis worker. The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care; prison officials also must take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); see U.S. Const. amend. VIII. A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of

---

[2] Wis. Stat. § 51.61(1)(i) provides that Chapter 980 patients generally have a right to be free from physical restraint and isolation except for emergency situations or when a treatment program calls for isolation or restraint. It further notes that isolation and restraint may only be used when less restrictive measures are ineffective or not feasible. Wis. Stat. § 51.61(7)(a) and (b) provides for a private right of action for violations of § 51.61.

5

serious harm to an inmate violates the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Farmer*, 511 U.S. at 828; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference to the serious medical needs of an inmate constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" and states a claim under § 1983. *Estelle*, 429 U.S. at 102 (internal citations omitted). Such a claim contains both an objective and a subjective component. *Greene v. Dailey*, 414 F.3d 645, 653 (7th Cir. 2005). A prisoner must demonstrate that he has an objectively serious medical condition, either diagnosed as requiring further attention or "so obvious that even a layperson would perceive the need for a doctor's attention." *Id*. The prisoner must also establish a sufficient level of culpability on the part of the prison officials. *Id*. The officials "must know of and disregard an excessive risk to inmate health; indeed, they must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference." *Id*. (internal quotations and citations omitted).

Staeven's claim that he was denied one meal fails to state a claim of deliberate indifference, as missing a single meal does not amount to an unconstitutional denial of adequate food. "One or two missed meals are not actionable as Eighth Amendment violations." *Curiel v. Stigler*, 2008 WL 904894, *5 (N.D. Ill. Mar. 31, 2008). A claim based upon being denied dinner brings to mind the maxim *de minimis non curat lex* (the law doesn't concern itself with trifles), which is a doctrine applicable to constitutional cases. *Brandt v. Board of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007). As being made to go without dinner is a mere trifle, this claim will be dismissed.

6

Staeven's allegation that he was not allowed to see a nurse or crisis worker after the altercation also fails to state a claim of deliberate indifference. Taking the complaint at face value, as I must at this stage, it fails to allege how Staeven had an objectively serious medical condition requiring medical attention. As the Seventh Circuit has noted,

> An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." . . . Failure to "dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue-the sorts of ailments for which many people who are not in prison do not seek medical attention-does not . . . violate the Constitution."

*Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (citations omitted). Staeven merely alleges that when he returned to the WRC, medical staff at the WRC made notations in his medical records, took photos of the bruises, scrapes and marks on his body, and he claims that he has lingering "problems" with his lower back, left hip and neck. (Compl. at 5.) This insufficiently alleges the existence of an objectively serious medical condition. As these allegations fail to state a claim of deliberate indifference, this claim will be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff may proceed with a Fourteenth Amendment claim against all defendants based upon the allegation that plaintiff was subjected to excessive force when he was picked up and had his face slammed to the floor while he was handcuffed, and for the use of a stun gun against him. Plaintiff may also proceed with a claim against all defendants that he was impermissibly punished by being restrained in a chair for over five hours and confined to a segregated cell overnight. All other claims are dismissed.

7

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

**IT IS ALSO ORDERED** that copies of this order be sent to the Brown County Sheriff and Corporation Counsel, as well as to the director of WRC and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   5th   day of March, 2009.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge